## No. 14,119.

JOSEPH BOURRIAQUE ET ALS. VS. JULES CHARLES.

### SYLLABUS.

1. Art. 203 of the Civil Code is not prohibitive in terms, and must be taken and construed with another *in pari materiae,* viz.: 209 of the Civil Code, regarding the modes of acknowledgment of natural children. Succession of Fortier, 51 A. 1585; Lange vs. Richard, 6 La. 570.

2. This view finds some support in 4 A. 305, cited with approval in 33 A. 1104. In the last cited case the court said of a decision holding views not entirely in accord with the first cited case, i. e., the case of Dugas vs. Caruthers, 6 A. 158, that it was the *dictum* of the organ, and not the opinion of the three judges composing the majority, with which the court in 33 A. 1104 did not agree.

3. In the 6th Annual case the natural brother and sister were acknowledged to some extent at least.

4. Between heirs acknowledged as required by Art. 209 C. C. and collateral heirs not acknowledged at all, the court holds that the former are entitled to inherit.

APPEAL from the Ninteenth Judicial District, Parish of Iberia—
*Foster, J.*

*Broussard, Dulaney and Broussard,* for Plaintiffs, Appellees.

*Cammack* and *Muller* and *Louis Octave Hacker,* for Defendant,
Appellant.

The opinion of the court was delivered by

BREAUX, J. Plaintiffs sued to be recognized as heirs of Francois
Bourriaque. They aver that they are his children and entitled to his
succession. Francois Bourriaque died in the year 1889, leaving only
natural children and natural brothers and sisters. A short time after
his death an inventory of his estate was taken and his natural brothers
and sisters went into possession of the property without an order
placing them in possession.

Plaintiffs charge that the defendant Jules Charles, a natural brother,
took possession of personal property of the deceased; that he has thirty
acres of land, plaintiffs allege, he has cultivated from the time he went
into possession in 1890, and plaintiffs further charge that the defend-
ant is a trespasser.

Defendant sought to meet the issues tendered by plaintiff by plead-
ing an exception of no right and no cause of action which was over-
ruled. His answer sets forth that he and Francois Bourriaque are the
sons of the same mother. This defendant claims to be the offspring
of a union of his mother with Anthony, such unions as were usual in
time of slavery, but that his half-brother Francois Bourriaque was the
son of a white man. The parties, that is, the mother and father and
their children are all colored, also the defendant he e. The only white
man in the ascending line was the father of Francois Bourriaque, the
father of plaintiffs. This brother denied that Francois Bourriaque
had children entitled to his property.

We notice the plaintiffs' and appellees' motion to dismiss made
before this court on the ground of want of jurisdiction *ratione ma-
teriae* only to state that in our view the motion is without merit and
is, therefore, overruled. The exception of no right of action was over-
ruled and the exception of no cause of action was properly referred to
the merits. Here the ruling affords no good ground of objection.

## ON THE MERITS.

We do not take it that defendants seriously question the paternity of plaintiffs. If it were disputed it would not avail them much, for it abundantly appears from the evidence that they bore the name of the father, that he treated them as his children, sent them to school, and paid for their schooling. In talking, he frequently expressed concern for their future. The mother died when the children were young. They remained with the father and helped him in his daily work. This father in public and in private has acknowledged the plaintiffs as his children, has caused them to be taught. C. C. 209. The mother of these children was known as living with the father as his wife, though unmarried. C. C. 209. There never was a case of more complete acknowledgement under the article of the Civil Code cited above.

The contention of the defendant sets out in substance that plaintiffs are not acknowledged, because the acknowledgment was not made in form required.

Having considered the *status* of these children who were not acknowledged, it is true, as required by the articles of the Civil Code before a Notary Public or in the registry of birth, we are brought to a consideration of the claims of defendants who sue as natural brothers and one as the natural sister of the plaintiff's father.

They have never been acknowledged by any one, so far as the record discloses. The contention of the defendant is that the estate passes to the natural brothers and sisters; that the Civil Code confines its disposition upon the subject to the natural brother and sister, and this to the exclusion of the children who the defendants say are not acknowledged.

Under this theory, brothers and sisters would inherit from each other to the exclusion of the children, although they could not inherit from the mother much less from the father. It would follow if we were to hold that nautral brothers and sisters can inherit in this case that they would inherit although entirely unacknowledged, while the children of the brother who have been acknowledged as required by the article to which we have before referred, would not inherit. Natural brothers and sisters would exclude the children of the brother. The order of inheritance would be reversed. Children would be excluded by brothers and sisters, in face of the article calling children to the inheritance of their natural father who has duly acknowledged them. C. C. 913.

Defendant particularly invokes the article of the Civil Code which provides "if the father and mother of the natural child died before him the estate of such natural child shall pass to his natural brothers and sisters or their descendants. C. C. 923. It does not follow that the natural brothers and sisters inherit to the exclusion of natural children if they are acknowledged." Montegut vs. Bocas, 42 A. 158.

The contention of defendant is that plaintiffs have not been acknowledged in the formal manner required by Art. 203 of the Civil Code. The method of acknowledgment is not exclusive of all other methods. No expression leads to the inference that it was the intention to restrict the proof of acknowledgement under the article before cited to its effect as to alimony; that the offspring is to be heard to prove acknowledgement, which is to confer upon him the right to recover alimony and nothing else.

The proof of acknowledgement has not been confined to Art. 203 C. C., and does not exclude the provision of Arts. 207 and 208 C. C. Lange et al. vs. Richard, 6 La. 570. Learned counsel for the defendant places reliance upon the case of Dupre vs. Caruthers, 6 A. 158, similar in most (but not all) respects to the case before us for decision. In the cited case the court said with reference to the Lange case cited above that "natural brothers and sisters were allowed to prove their maternal descent for the purpose of inheriting from each other under Art. 917 C. C., which prescribes that if the father and mother of the natural child died before him the estate of such natural child shall pass to the natural brothers and sisters or to their descendants."

"The same proof was allowed on behalf of the natural brother and sisters of the deceased in the present case."

In the case before us for decision the defendant could not prove under either of the articles last above cited that his mother ever acknowledged the father of plaintiff. In consequence there was not the least legal tie between them. One, in law, is stranger to the other.

Gathering the meaning from all the articles of the Civil Code treating this subject, we are constrained to hold that it was not the intention particularly to favor natural brothers and sisters to the detriment of the children of the deceased. As between the two, we are constrained to hold that the latter inherit. This is the extent of our decision. The defendant has not pleaded an outstanding right in the

State, and therefore, we strictly are concerned with the rights of the parties to this suit.

Before taking leave of this transcript, we will record with all emphasis that in so far as the 6th Ann holds a contrary view, we must concur with the decision rendered before that decision was rendered and with decisions rendered since, in which the natural children were recognized as entitled to inherit to the exclusion of the natural brothers and sisters.

We must decline to increase the amount allowed in reconvention for rent, as it does not appear to us that plaintiff is entitled to any increase.

It is ordered, adjudged, and decreed that the judgment appealed from be affirmed.