No. 6325.

## SUCCESSION OF REBECCA RANSOM.

### Syllabus.

Involves only issues of fact.

Appeal from the Civil District Court for the Parish of Orleans, Division "B," No. 100,533. Honorable F. D. King, Judge.

Ker & Feliu, for plaintiff and appellee.

A. D. Danziger, for defendant and appellant.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

Plaintiff, Rachel Carter, widow of Daniel Henderson, sues to be recognized as owner of one-half, and for a partition by licitation, of a piece of real estate of which defendant, Joseph Rumore, is in possession, and of which he claims ownership by virtue of a purchase from Lewis Ransom.

She alleges that she is the child of Rebecca Howard by her first marriage with John Carter, and that the property in controversy was purchased by Louis Ransom during the marriage which he contracted with her mother after the death of her first husband.

There was judgment recognizing plaintiff as half owner of the property, ordering the sale of the property, and referring the parties to a notary for the purpose of completing the partition.

The evidence fairly establishes that plaintiff is the daughter of Rachel Howard and John Carter; that these two had contracted a slave marriage before the Civil War,

and had thereafter lived together as man and wife acknowledging the plaintiff as their daughter.

This was sufficient to show a marriage and the legitimate filiation of plaintiff.

> Succession of Rapides, 7 Court of Appeal, 141.
> Succession of Deverin, 7 Court of Appeal, 111.
> (Where all the authorities are gathered.)

Nor indeed was it even necessary that plaintiff should by a legitimate child to entitle her to inherit the succession of her mother.

> C. C., 918, Succession of Hebert, 33 An., 1099, also
> 4 An., 305; 2 La., 324, (107 La., 217).

As to the alleged marriage between Widow Rachel Carter and Lewis Ransom, there is no record evidence thereof; but it is shown that the records of marriage performed in Algiers prior to 1880 were kept at the Courthouse in that place, which was destroyed by fire with all its records some time in the year 1895.

It is shown, however, that plaintiff's mother was buried (1894) under the name of Ransom; and a number of witnesses who appear to be reputable and disinterested, and whom the trial Judge believed, testified that such a marriage did take place in Algiers, after the death of John Carter, and was performed by one Reverend Foster, pastor of a colored Baptist Church in said place.

It is also shown by the testimony of one Reverend Wagner, that he succeeded Reverend Foster as pastor in the same church and that he, Wagner, had been pastor of said church for more than thirty-six years, when he gave his testimony (Dec., 1913), that is to say since 1877.

So that the marriage took place prior to the latter date, and therefore existed when Ransom bought the property in 1881.

— 247 —

We, therefore, think that the evidence justifies the finding that plaintiff is half owner of the property in controversy and entitled to have the same sold to effect a partition.

On the other hand, the defendant was unquestionably in good faith when he purchased from Ransom in 1909, said Ransom declaring on oath that he never was married. **C. C., 3451.**

And he is therefore entitled, at the option of plaintiff, to be reimbursed, either the expenses incurrred by him for paving and other improvements, if any, or the enhanced value of the property due to these, if any such enhancement there be. **C. C., 508, 3453.**

These matters, however, belong to the settlement to be had before th notary.

Judgment affirmed.