(84 South. 894)

No. 23839.

**PERKINS et al. v. BROWNELL–DREWS LUMBER CO., Limited.**

(May 3, 1920. Rehearing Denied May 31, 1920.)

*(Syllabus by Editorial Staff.)*

Bastards ⬤═◗13—Statute prescribes exclusive modes of acknowledgment of parentage.

Civ. Code, art. 203, specifies exclusive modes of acknowledgment of the parentage of an illegitimate child, and baptism in presence of parents and declaration by them to federal census taker of their parentage is not equivalent of registering of birth or baptism to entitle parents to recover under Employers' Liability Act as heirs of the child killed in employment.

Appeal from Twenty-Third Judicial District Court, Parish of St. Mary; Jerry Cline, Judge.

Suit by Abe Perkins and Priscilla Perkins against the Brownell-Drews Lumber Company, Limited. From judgment for defendant, plaintiffs appeal. Affirmed.

C. A. Blanchard, of Morgan City, and Emmet Alpha, of Franklin, for appellants.

Charles L. Wise, of Morgan City, and James C. Henriques, of New Orleans, for appellee.

PROVOSTY, J. Plaintiffs sue under the Employers' Liability Act (Laws 1914, p. 44) in damages as heirs of their child who was killed in the course of his employment at defendant's sawmill. The defense is that the child was illegitimate, and had never been acknowledged by either of the plaintiffs. Article 203, C. C., provides:

"The acknowledgment of an illegitimate child shall be made by a declaration executed before a notary public, in presence of two witnesses, by the father and mother, or either of them, whenever it shall not have been made in the registering of the birth or baptism of such child."

Defendant contends that the modes of acknowledgment here specified are exclusive; and plaintiff contends that they are not, but that a baptism of the child in the presence of the parents as their child, and a declaration by the parents to the federal census taker of their parentage of the child, is the equivalent of a "registering of the birth or baptism" of the child. For so holding this court would have, not to interpret, but to amend, the said article by recognizing an additional mode of acknowledgment.

It is not contended that the decisions in the cases of Lange v. Richoux, 6 La. 560, Succession of Fortier, 51 La. Ann. 1585, 26 South. 554, Bourriaque v. Charles, 107 La. 217, 31 South. 757, Succession of Vance, 110 La. 760, 34 South. 767, Briggs v. McLaughlin, 134 La. 133, 63 South. 851, and Jobert v. Pitot, 4 La. Ann. 305, recognizing the right of a child to prove acknowledgment otherwise than by the modes prescribed by said article 203 have any application to the case. The controlling decision is Succession of Lacosst, 142 La. 674, 77 South. 497, to the effect that a parent has not this right.

The judgment appealed from which rejected plaintiff's demand is affirmed, with costs.

O'NIELL, J., concurs in the decree for the reason that proof of paternal or maternal

descent is not the same as, or a substitute for, a formal acknowledgment by the parents of an illegitimate child; it makes no difference whether the proof of paternal or maternal descent be offered by the parents or by the child.