The judgment is correct and, therefore, affirmed, with all costs in both courts.

### BARRANCO v. DAVIS. *
### No. 14017.

Court of Appeal of Louisiana. Orleans.
Nov. 30, 1931.

Lemle, Moreno & Lemle, of New Orleans, for appellant.

John J. Wingrave, of New Orleans, for appellee.

WESTERFIELD, J.

Marie Barranco Gutierrez brings this suit under the Compensation Law against E. N. Davis, for the use and benefit of her three illegitimate children, John J., Anna Bell, and Joseph Gutierrez, claiming compensation for the death of their alleged father, John Gutierrez. The defendant Davis admitted that the father's death was due to an injury sustained in course of, and was one which arose out of, his employment, but denied that any compensation was due the plaintiff's children because of the failure of the father to make proper acknowledgment, as required by the Louisiana Workmen's Compensation Act. During the trial, defendant's counsel admitted that one of the three children of Gutierrez, to wit, Anna Bell Gutierrez, had been properly acknowledged, and that therefore plaintiff was entitled to recover on behalf of that child the amount allowed under the compensation law, or 32½ per cent. of the deceased's wages for a period of 300 weeks.

The trial court sustained the defendant's contention that John J. and Joseph Gutierrez had not been properly acknowledged, and dismissed plaintiff's suit so far as their claim

*Writ of certiorari granted by Supreme Court February 29, 1932.

was concerned, rendering judgment for plaintiff on behalf of Anna Bell Gutierrez for 31½ per cent. (evidently intended for 32½ per cent.) of the deceased's wages for 300 weeks, finding that the amount of such wages was $55 per week. Defendant, being dissatisfied with the amount of wages which the court found the deceased had been receiving, appealed to this court, whereupon plaintiff answered the appeal, and prayed that the judgment be amended by allowing compensation for plaintiff's other two children, which had been rejected below.

There are therefore two questions presented for our consideration. First, the right of John J. and Joseph Gutierrez to compensation; second, the amount of deceased's wages.

The Louisiana Workmen's Compensation Act, No. 20 of 1914, as amended by Act No. 242 of 1928, in section 8, subd. 2 (H) defines the word "child," as used in connection with the right of children to recover for the death of a parent, as follows:

"The term 'child' or 'children' shall cover only legitimate children, step-children, posthumous children, adopted children and illegitimate children acknowledged under the provisions of Civil Code Articles 203, 204 and 205."

The articles referred to read as follows:

"(203) The Acknowledgment of an illegitimate child shall be made by a declaration executed before a notary public, in presence of two witnesses, by the father and mother, or either of them, whenever it shall not have been made in the registering of the birth or baptism of such child."

"(204) Such acknowledgment shall not be made in favor of children whose parents were incapable of contracting marriage at the time of conception."

"(205) The acknowledgment made by the father without the concurrence or consent of the mother, shall have effect only with respect to the father."

Reading these three articles together, it appears that illegitimate children may be acknowledged by authentic act, or by the registry of birth or baptism by the father and mother, either or both, but not children whose parents were incapable of contracting marriage at the time of conception, as, for example, the issue of a marriage between a white person and a person of color. However, where the acknowledgment is made by the father, without the concurrence or consent of the mother, it shall have effect only with respect to the father. The mother's acknowledgment is, apparently, not limited in this respect.

Turning to the record before us, we find that the births of all three of plaintiff's illegitimate children were registered in the office of the board of health for the parish of Orleans, one of them, Anna Bell Gutierrez, by her father, and the other two, John J. and Joseph Gutierrez, by their mother.

■ It is strenuously objected that the mother's acknowledgment can have effect only with respect to her and that, to hold otherwise, would be to endanger the reputation and security of innocent men by placing in the hands of designing and unscrupulous women, the power to give to their illicit offspring the dignity and status of respectable and erroneous paternity, with possibly disastrous results to the social order. Some of the terrors which counsel discovers in this situation seem real enough, but, with the effect of the law we have no proper concern, if only we may discover its true intent.

■ The form of acknowledgment required by article 203 of the Code is the written acknowledgment. The method provided by this article has been frequently held to be not exclusive, and children ordinarily may prove their maternity and paternity by any form of competent evidence. Perkins v. Brownell-Drews Lumber Co., 147 La. 338, 84 So. 894. But, in order to recover under the compensation law, by its very terms, they must have been acknowledged in writing in the form mentioned in this article, a requirement which, it is obvious, puts claimants under the statute to the necessity of the highest form of proof and the most difficult to obtain, since the public declaration of illicit relations necessarily involves a certain amount of shameful degradation, in which persons who assume such relations are naturally most hesitant to involve themselves. Under the Code of 1825 (art. 221), colored children descending from a white father could not prove their acknowledgment in any other form. In other words, there was an inhibition against an acknowledgment of such offspring in any way except in writing. Succession of Hebert, 33 La. Ann. 1099. So that, under ordinary circumstances, the law permits proof of acknowledgment by birth and baptismal certificates, or any other form of competent evidence; but, under the Compensation Law, proof of acknowledgment must conform to the provisions of article 203; that is, it must be in writing.

■■ The contention of defendant in this case is that when the acknowledgment is made by the father it shall have effect only concerning rights which the child may have through that parent, and, when by the mother, only such rights as accrue to it from that source. This argument, however, is only partly true; that is to say, when the father acknowledges the child, without the concurrence or consent of the mother, the effect is limited to the father by the express declaration of article 205; but we find no such qualification with respect to the acknowledgment

by the mother, and we cannot supply it. If the acknowledgment of the mother and father were intended to have the same result and in each case to be limited in effect to the party making the acknowledgment, it would have been easy to have so declared; but, when the father's acknowledgment is singled out for qualification, and the mother's act unlimited by any qualification whatever, we are compelled to believe that more importance was intended to be given the mother's action than that accorded the father. No other conclusion seems reasonable. Why the distinction is made is not apparent, and we are frank to say that we believe more importance should be attached to the father's acknowledgment; but we cannot ignore the plain language of the Code, nor impose upon dependent illegitimate children a greater burden than the law itself, which requires only an acknowledgment by the father and mother; either or both.

Our attention has been directed to the case of Stewart v. Parish of Jefferson Davis, 136 So. 659, a case decided by the Court of Appeal for the First Circuit, as having an important bearing upon the case now under consideration. We see nothing, however, in that case which is helpful here. It is authority for the proposition that, under the compensation statute, only such children as have been acknowledged in the form required by the Codal articles mentioned in the act may recover, a fact plainly evident from the law itself and from the jurisprudence on the subject. Wells v. White-Grandin Lumber Co., Inc., 13 La. App. 696, 129 So. 171; Perkins v. Brownell-Drews Lumber Co., supra.

We conclude on this point that all three children of plaintiff are entitled to compensation.

This brings us to a consideration of the quantum. Our brother below found that the weekly wages of the deceased were $55 per week. We find in the record the statement of a fellow employee, an iron worker, as was the deceased Gutierrez, who stated that he was paid 75 cents an hour, $7.50 a day, and that he averaged $45 a week; that sometimes he and Gutierrez earned $55 and sometimes $65 a week. The wife of deceased, Mrs. Gutierrez, testified that he was earning from $40 to $45 a week, and sometimes $50. Under the circumstances, we have concluded that $45 would more nearly represent the earnings of decedent than the larger sum fixed below.

The compensation law, Act No. 20 of 1914, as amended by Act No. 242 of 1928, in section 8, subd. 2 (E), par. 6, provides that when there are three or more dependent children they shall receive each week, for a period of 300 weeks, 65 per cent. of the weekly wages earned by their father at the time of his death, to be divided equally among them, subject, however, to a maximum of $20 per week. Consequently, and for the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from be and it is amended so as to read as follows:

It is ordered, adjudged, and decreed that there be judgment in favor of plaintiff, Marie Barranco (Gutierrez), for the equal use and benefit of the minors, Anna Bell, John J., and Joseph Gutierrez, and against defendant, B. N. Davis, for $20 per week for 300 weeks, beginning February 24, 1931, with interest at 5 per cent. on delinquent payments, at the cost of defendant.

Amended and affirmed.