### Succession of WESTHEIMER.
### No. 1645.

Court of Appeal of Louisiana. First Circuit.
Nov. 7, 1936.

Ashton L. Stewart, of Baton Rouge, for appellant.

Chas. A. Holcombe, of Baton Rouge, for appellee.

DORE, Judge.

Henry Westheimer, a colored man, died on August 22, 1935, leaving no children, but leaving a widow, who qualified as the administratrix of his estate. This estate consisted of the share of the deceased in the community property. His widow, as administratrix, filed a final account in which, as surviving spouse, in the absence of lawful ascendants and descendants, she proposed to pay herself and to have herself recognized as sole heir to the undivided half interest in the community left by the deceased under the provisions of article 915 of the Civil Code as amended.

Dora Williams filed an opposition to this account alleging that she is the mother of the deceased; that she has never been married; that the father of the deceased is Frank Westheimer to whom she was not married when said deceased was conceived, but there existed no impediment to the marriage of opponent and the said Frank Westheimer at the time said deceased was conceived; that since the birth of decedent, she has always acknowledged him openly and publicly as her son. She further alleges that on March 7, 1936 (after the death of decedent however), she acknowledged him as her son by notarial act, which act she annexes to her petition. She prays to be recognized as an heir of the deceased son and as such entitled to inherit with the surviving widow in the proportion of one-half each the share of the deceased in the community property. It might be stated here that the opponent alleged in her petition that certain assets of the estate were the separate property of the deceased; however, it was subsequently agreed that all the property of the succession was community property, and we will so consider it in passing on the case.

The administratrix, in her individual capacity and as administratrix of the succession, filed an exception of no cause or right of action to the petition of opposition of Dora Williams, the mother of deceased. This exception was sustained and the claim of the mother was rejected. From that judgment the opponent has appealed.

We might state in the outset that the attorney for the opponent is not contending that the purported notarial acknowledgment of the deceased by the mother, made after the death of the deceased, had the effect of placing the deceased in the position of an acknowledged illegitimate child under the provisions of article 203 of the Civil Code. Moreover, we do not think such an attempted acknowledgment could have any effect whatever as it was made, not only after the death of the deceased and after the rights to his succession had accrued, but also after the succession was opened and just prior to the assertion of the claim by the mother. The claim of the mother as an heir must therefore rest on her allegation that she had publicly acknowledged the deceased as her son since his birth; which, she contends, places the deceased in the position of an acknowledged natural child, by reason of which she is entitled to inherit from him under article 922 of the Civil Code. This article reads as follows: "The estate of a natural child deceased without posterity, belongs to the father or mother who has acknowledged him, or in equal proportions to the father and mother, when he has been acknowledged by both of them."

Under the section of the Civil Code which treats of the acknowledgment of illegiti-

mate children, article 203, in providing the manner in which this acknowledgment shall be made, reads as follows: "The acknowledgment of an illegitimate child shall be made by a declaration executed before a notary public, in presence of two witnesses, by the father and mother or either of them, whenever it shall not have been made in the registering of the birth or baptism of such child."

■ As the petition of opposition filed by the mother does not allege that she made any acknowledgment of her illegitimate child by a declaration before a notary public, in the presence of two witnesses, before the death of her son, nor that such declaration was made at birth or baptism, the aged, old, and confusing question arises again in this case as to whether or not an acknowledgment can be made by a parent in any other manner than that provided for in article 203 of the Civil Code in order to entitle the parent to inherit from an illegitimate child. The question has given rise to much confusion and considerable conflict in the decisions. As the mother does not contend that her deceased illegitimate son was acknowledged by her in the manner required by this article of the Code, it follows that, if she cannot show acknowledgment in any other manner, her petition sets out no cause of action and the judgment correctly dismissed her petition.

The Supreme Court of this state, after a careful review of previous decisions, in Succession of Lacosst, 142 La. 673, 77 So. 497, definitely and positively committed itself to the rule that, in order for a parent to inherit from an illegitimate child, dying without posterity, such parent must show that the illegitimate child was acknowledged by such parent in the manner provided by article 203 of the Civil Code. The Supreme Court adhered to that interpretation of the law in the case of Perkins v. Brownell-Drews Lumber Co., Ltd., 147 La. 337, 84 So. 894. It it true that in the latter case, the plaintiffs were suing under the compensation law for the death of their illegitimate son while in the employ of the defendant lumber company. It was shown that the deceased son had not been acknowledged according to article 203 of the Civil Code. The compensation law as it stood at that time defined child or children under the compensation act to mean only legitimate children, or *acknowledged* illegitimate children. The case is, therefore, di-

rectly in point on the construction of the law as to what constitutes an acknowledged illegitimate child so as to permit a parent to inherit from such child. The Compensation Law (section 8, subd. 2(H) was amended in 1926 by Act No. 85 (page 118) so as to define the term "child" to include illegitimate children acknowledged under the provisions of Civil Code, arts. 203, 204 and 205. The amendment of the law on this point most probably was meant to confirm the interpretation placed on an acknowledged illegitimate child in the Perkins v. Brownell-Drews Case; but, manifestly, this amendment was not intended to change and did not change the codal articles on this point.

This court has followed the interpretation of the law as announced in the above cases decided by the Supreme Court. The case of the Succession of· Simonette Reason Falls, 4 La.App. 10, was a case presenting exactly the same question as is presented in this case. The majority of this·court there followed the above cases decided by the Supreme Court and laid down the principle expressed in the syllabus, as follows: "If there is no compliance with the requirements of acknowledgments as prescribed by Article 203 of the Civil Code, even though the mother has raised the child as her own child, the mother of an illegitimate child cannot inherit from such child under the provisions of Article 922 of the Civil Code."

■ No doubt the confusion has arisen from the fact that the Supreme Court has definitely and finally come to the conclusion that, where the illegitimate child is seeking to inherit from a parent under articles 918 and 919 of the Civil Code, such child will be permitted to show its acknowledgment by the parent in other ways than that provided by article 203. Taylor v. Allen, 151 La. 82, 91 So. 635; Murdock v. Potter, 155 La. 145, 99 So. 18; Succession of Corsey, 171 La. 663, 131 So. 841. See, also, Ford v. Calhoun, 6 La.App. 350.

We do not find that the Supreme Court has anywhere overruled or even disagreed with the interpretation of the law as laid down in Succession of Lacosst and in the case of Perkins v. Brownell-Drews wherein a different rule is applied where the parent seeks to inherit from an illegitimate child; in the latter instance holding the parent to a strict compliance with articles 203 of the Civil Code; but, where an illegitimate

child seeks to inherit from its parent, such child may prove its acknowledgment by the parent in other ways than those set out in this article. See the concurring opinion of Justice Provosty, Succession of Lacosst, 142 La. 673, at page 690, 77 So. 497, 503. The reason for this difference, if it is necessary to search for a reason, is concisely expressed by Judge Leche when on this court in his dissenting opinion on the first hearing of the Succession of Falls, 2 La. App. 759, at page 761.

For these reasons, the judgment appealed from being correct, the same is hereby ordered affirmed.