### Succession of WILLIS.

### No. 1738.

Court of Appeal of Louisiana. First Circuit.

June 30, 1937.

Chas. J. Mundy, of New Orleans, for appellant.

Reid & Reid, of Hammond, for appellee.

LE BLANC, Judge.

F. W. Reimers, acting as the duly qualified administrator of the succession of Mary Mixon, obtained an ex parte judgment in the district court, in which the said Mary Mixon was recognized as the mother and sole surviving heir of her deceased son, Gus Willis, and he, as the administrator of her succession, was sent and placed in possession of the property and effects of the succession of the said Gus Willis, which consisted of an Adjusted Service Certificate, numbered 9168, dated January 1, 1925, and further identified by the No. A–1025968, valued and appraised at the sum of $578.

Shortly after the rendition of the said ex parte judgment, Frankie Chesborough, widow of the deceased Gus Willis, instituted this proceeding seeking to have the same set aside on the ground that Mary Mixon could not inherit from the said Gus Willis as he was an illegitimate child of hers, born out of an illicit relation between herself and one Jesse Willis to whom she never had been married. She sets out that as her deceased husband left neither father, nor legitimate mother, neither brothers, sisters, nor collateral relations, she, as his surviving wife, having never been separated from bed and board from him, is entitled to inherit from him under articles 917 and 924 of the Revised Civil Code. She accordingly prays that the ex parte judgment placing F. W. Reimers, administrator of the succession of Mary Mixon, in possession of the estate of Gus Willis, be canceled, annulled, and set aside, and that there be judgment decreeing her, as his widow, to be his sole and only heir at law, and as such entitled to be sent and placed in possession of all property left by him.

To this petition of Frankie Chesborough, Reimers, the administrator of the succession of Mary Mixon, filed an exception of no right or cause of action which was sustained by the district judge, and from a judgment dismissing her suit, she has taken this appeal.

The exception of no right or cause of action is based on the absence of

an allegation in the petition herein filed by Frankie Chesborough, that Gus Willis was not acknowledged by Mary Mixon as her child, and that consequently, even though he was an illegitimate child, she could still inherit from him as under our law a mother can inherit from her acknowledged natural child.

The matter urged on exception is one which should be presented by way of defense. The petition of Frankie Chesborough clearly alleges that Gus Willis was an illegitimate child of Mary Mixon, born out of wedlock. As such, his mother could not inherit his estate unless he had been legally acknowledged in accordance with the provisions of article 203 of the Revised Civil Code, which prescribes an acknowledgment by specific declaration executed before a notary public, by the father or mother, or either of them, as the case may be, whenever such acknowledgment shall not have been made in the registering of the birth or baptism of such child. It has been held too frequently to be further controverted that while a child may show acknowledgment by other acts which would entitle him to inherit from his mother, the latter is held exclusively to the forms of acknowledgment prescribed by the terms of the article of the Code just referred to in order to inherit the estate of her child. Succession of Lacosst, 142 La. 673, 77 So. 497; Perkins v. Brownell-Drews Lumber Co., 147 La. 337, 84 So. 894. This court has committed itself to that proposition in the cases of Succession of Falls, 4 La.App. 10;

Wells v. White-Grandin Lumber Co. Inc., 13 La.App. 696, 129 So. 171; Stewart v. Parish of Jefferson Davis, 17 La.App. 626, 136 So. 659; and again in the very recent case of Succession of Westheimer (La. App.) 172 So. 30. When, therefore, the present claimant to the estate of Gus Willis alleged in her petition, seeking to set aside the judgment which in effect recognized his mother as his heir, that the said Gus Willis was an illegitimate child, she had alleged all that was necessary to sustain a cause of action. If Mary Mixon, his mother, ever acknowledged him in accordance with the provisions of article 203 of the Revised Civil Code, the administrator of her succession can raise that issue as a matter of defense to be tried on the merits of the case if it ever should reach that stage.

We are convinced that the judgment below which sustained the exception and dismissed the suit of the claimant, Frankie Chesborough, was erroneous and that it should be reversed and set aside.

For the reasons stated, it is ordered, adjudged, and decreed that the judgment appealed from be and the same is hereby avoided, set aside, and reversed; and it is now ordered, adjudged, and decreed that the exception of no right or cause of action filed on behalf of F. W. Reimers, administrator of the succession of Mary Mixon, be and the same is hereby overruled. It is further ordered that this case be remanded to the lower court for further proceedings according to law, all costs to be paid by the appellee herein.