No. 634

First Circuit

WELLS v. WHITE-GRANDIN LUMBER CO., INC.

(June 9, 1930. Opinion and Decree.)
(June 30, 1930. Rehearing Refused.)

Fern M. Wood, of Leesville, attorney for plaintiff, appellant.

Thornton, Gist & Richey, of Alexandria, attorneys for defendant, appellee.

LeBLANC, J. The plaintiff brings this suit, as tutrix of her minor child, Freda Lee Boyd, for compensation arising out of the death by accident of the father of said child while in the employ of the defendant lumber company. She alleges that she is the natural mother of the child, whose father was Isaac Boyd, the deceased em-

ployee, and that the child, an illegitimate one, was acknowledged by the father who had had a certificate of its birth filed with the bureau of vital statistics in the city of New Orleans, also had had it christened in the Baptist Church at Slagle, La., where it was born, and also held it out wherever he went, as being his child.

The accident which caused the almost instant death of the deceased employee occurred, according to the allegation of the petition, on August 18, 1923, more than six years before this suit was filed.

The defendant filed three exceptions to the action; one being want of capacity in the plaintiff to bring this suit, another, of no cause or right of action, and, the third, a plea of one-year prescription under section 31 of the Employers' Liability Act, Act No. 20 of 1914.

Under the requirement of the Compensation Act, the defendant, under reservation, filed its answer at the same time that it filed the exceptions. The answer constitutes practically a general denial of all the allegations on which the claim is based.

On the day the case was tried, the exceptions were argued and submitted; the plea of prescription first, then the exception of want of capacity in the plaintiff, and finally the exception of no cause or right of action. They were each referred to the merits and evidence was then taken. Upon submission of the case on briefs, the court rendered judgment overruling the exception of want of capacity and the plea of prescription and sustaining the exception of no cause or right of action.

From this judgment dismissing the suit on the exception, the plaintiff has appealed.

The judgment overruling the plea of prescription was correct. The prescription of one year provided for under section 31 of the Compensation Act (No. 20 of 1914) does not operate against a minor until he has a qualified tutor. See section 16 of the same act, and see also Wilson vs. Lyon Lumber Co., 7 La. App. 169. The plaintiff having testified that she had had herself qualified as tutrix to bring this suit, it was incumbent on the defendant, who had filed the plea of prescription, to show that more than one year had elapsed since her qualifying and before the suit was filed. This, the defendant did not do.

The exception of want of capacity on the part of this plaintiff to bring this suit involved an attack upon her appointment and qualification. Such an attack cannot be made collaterally, as is done in this proceeding, but must be by a direct action. The ruling of the court on this exception was also correct.

As the district judge heard the case on the merits, and as most probably his ruling sustaining the exception of no cause or right of action was based upon a consideration of the evidence which he heard, and as we have it before us, we also will consider it and pass on the merits of the case as we are requested to do in the answer filed to the appeal by the defendant.

The important, and we may say the only, question raised under the exception of no cause of action, as well as under the issue tendered by the petition and answer, is with regard to the acknowledgment by the alleged father of this illegitimate child.

Under the terms of the Employers' Liability Law, it is only illegitimate children, duly acknowledged under the provisions of Civil Code, articles 203, 204 and 205, who can recover compensation. As article 204 refers to children against whose parents there were impediments to their contracting marriage at the time of conception, and article 205 refers to children acknowledged

by the father without the concurrence or consent of the mother, neither of which conditions is presented here, the only form of acknowledgment we are concerned with is that provided by article 203 of the Civil Code, which reads as follows:

"The acknowledgment of an illegitimate child shall be made by a declaration executed before a notary public, in presence of two witnesses by the father and mother, or either of them, whenever it shall not have been made in the registering of the birth or baptism of such child."

There is no contention here that there was an acknowledgment by declaration before a notary public in the presence of two witnesses. The acknowledgment relied on is based on a certificate of birth sent to the Louisiana state board of health, and on a ceremony alleged to have taken place in the Baptist Church for colored people at Slagle, La., which is alleged in the petition to have been a christening.

The certified copy of the birth certificate annexed to the petition shows that it was signed by "Mrs. Francis Janes, Midwife," and that it was filed by the registrar of the Louisiana state board of health on April 9, 1923, almost five months after the birth of the child. The testimony, as a whole, leaves it very doubtful to our minds that Isaac Boyd, the alleged father of the child, was present when this certificate was made out, or that he knew anything whatever about it, and there is nothing in the document itself to intimate that there were any declarations made therein by any one save the midwife herself. Declarations made by her were surely not enough to satisfy the requirements of article 203 of the Civil Code. In Succession of Lacosst, 142 La. 674, at page 684, 77 So. 497, 501, a situation almost similar to the one here presented with reference to this birth certificate had to be considered by the Supreme Court, and in the opinion in that case, we read:

"It would indeed be a dangerous doctrine to hold that the declaration of a midwife, having the birth of an illegitimate child recorded, as to who was the father or mother of the child, is equivalent to an acknowledgment of the paternity or maternity on the part of the person named by the midwife."

Clearly, the plaintiff has failed to prove, on this point, any such acknowledgment as is contemplated under the article of the Civil Code, nor are we any more convinced that she has done so on the other ground urged by her, that the father had acknowledged the child by having it christened in the Baptist Church at Slagle, La., and having had a godfather and a godmother appointed for it.

Aside from the serious doubt raised by the testimony that the father was present at the alleged ceremony called a christening, or that he was the one who had had the child christened, and aside also of the uncertainty of the form of ceremonial which was performed being a "baptism" in the meaning of that term under the ritual of the Baptist faith, the plaintiff is confronted with the fact that, regardless of what the ceremony was that took place on the occasion stated, there was no registering of any baptism or registering of any acknowledgment or declaration made by the alleged father in the ceremony. Article 203 of the Civil Code, in requiring, in the absence of an acknowledgment by a declaration in authentic form, acknowledgment by a declaration made in the registering of the baptism of the child, certainly contemplated something more than the mere oral testimony concerning the baptism which we have before us in this case. At its best, oral testimony could not supply the proof necessary to substitute the

declaration which has to be made before the notary and two witnesses. What the law means by a declaration in the registering of the baptism of the child is some kind of record bearing some semblance at least of official approval or authority on the part of those empowered to perform the ceremony. Such record does not exist in this case, or if it does or did, was not, and apparently cannot, be produced.

If it be conceded that plaintiff's petition sets out a cause of action, we are satisfied the proof fails to show an acknowledgment of the child by the father in the manner required by law, and therefore the claim has to be rejected.

It is therefore ordered that there be judgment in favor of the defendant and against the plaintiff rejecting her demands and dismissing her suit at her costs.