No. 805

First Circuit

STEWART v. PARISH OF JEFFERSON DAVIS

(October 7, 1931. Opinion and Decree.)

Jno. B. Fournet, of Jennings, attorney for plaintiff.

McCoy, Moss & King, of Lake Charles, attorneys for defendant, appellee.

Ogden & Cannon, of Crowley, attorneys for intervener, appellant.

LeBLANC, J. This suit was instituted by Edville Stewart, who claimed of the defendant compensation for the death of his son Johnny, who was killed while he was in its employ, and who, he alleges, contributed before his death to his support.

Shortly after the filing of the petition, Mae Stewart, born Thibodaux, wife of Edville Stewart, the plaintiff, but living separate and apart from him, intervened, and, averring that she was the mother of Johnny Stewart, and that she had been for several years partially actually dependent upon him for her own support as well as for that of her three minor children, and that plaintiff was never either wholly or partially actually dependent on him, claimed for herself the compensation that was being demanded.

The defense put at issue the legitimacy of the deceased boy, and there was a denial of dependency and consequent liability.

When the case was called for trial, plaintiff, through his counsel, announced in open court that he abandoned his claim, and the trial proceeded with the demand as presented in the petition of intervention.

Proof having been made that the intervener was the mother of the decedent, and that his father was Edville Stewart, but that they had not been married until more than five years after his birth, her counsel next attempted to prove that she had acknowledged him by producing and offering in evidence a baptismal certificate issued by the rector of St. Michael's Catholic Church of Crowley, La., which reads as follows:

"On this, the 17 day of Jan. 1913, I the undersigned Catholic Priest, have baptized John, born on the 21 day of Nov. 1912. Child of Edmond Stewart and Marie Thibodaux. Sponsors Jaques Montousser and Armena Dugas.

"(Signed) A. F. Isenberg, Rector"

.There was also offered as evidence another certificate issued by Reverend George Moller, later rector of the same church, and bearing its seal, certifying the same facts as the foregoing, and evidently prepared from the same record.

Objection was duly made to the introduction in evidence of these certificates, on the grounds: (1) That there was no allegation in the intervener's petition that the child had ever been acknowledged; (2) that the documents were not proof of themselves, and were not admissible in evidence; (3) even if admissible and given consideration, they did not establish acknowledgment of the deceased as required by law, and were therefore irrelevant.

The trial judge sustained the objection, stating, however, that, were he not so convinced of the validity and conclusiveness of the third ground on which it was based, he would, in view of the power vested in the court in the trial of compensation suits, have permitted counsel for intervener to amend his pleading so as to overcome the first ground of objection and then let him produce testimony to have the documents identified and made admissible. He did permit counsel to attach the two certificates as part of a bill of exception to his ruling, and they are now part of the record as it appears before us for review.

On the question of the effect, as proof of acknowledgment of an illegitimate child, that is produced by a certificate of the character of those that are before us, we find ourselves in thorough accord with the views of the learned district judge, who holds that they in no manner comply with the requirements of article 203 of the Revised Civil Code regarding acknowledgment. That article reads:

"The acknowledgment of an illegitimate child shall be made by a declaration executed before a notary public, in presence of two witnesses, by the father and mother, or either of them, whenever it shall not have been made in the registering of the birth or baptism of such child."

It is essential that the acknowledgment be made by a declaration which must be made in the manner and form prescribed. It may be made in the registering of the birth or baptism of the child, and, when not so made, it must be executed before a notary public in the presence of two witnesses. In either case, it must be made by the father and mother or either one who is making the acknowledgment.

The certificates offered as evidence of acknowledgment in this case contain only the recitals of the two priests who made them, the one especially pertinent being that signed by Reverend A. F. Isenberg, who attests over his signature, as appears on its face, that on January 17, 1913, he baptized a certain child, whose name, as given to him, was John, that he was the child of a certain named man and woman, and that two other persons named therein acted as sponsors. It is not pretended that the certificate bears any other signature than that of the officiating priest, and the source from which·he derived his information for making it is not given. There is nothing in. it which even remotely may be construed as a declaration by the father or mother of this child which the article of the Code requires in order to constitute an acknowledgment.

We had the same question here presented under consideration in the case of Irene Wells v. White-Grandin Lumber Co., Inc., 13 La. App. 696, 129 So. 171, and therein held that neither a certificate of birth signed by a midwife and filed with the reg-

istrar of the state board of health, nor an alleged ceremony said to be a christening in the Baptist faith, was sufficient to meet the requirements of article 203, Rev. Civ. Code. As authority, we referred to one of the decisions of the Supreme Court relied on by the district judge in this case, Succession of Lacosst, 142 La. 674, 77 So. 497. We note that he also cites Pigeau v. Duvernay, 4 Mart. (O. S.) 265, and Perkins v. Brownell-Drews Lumber Co., 147 La. 337, 84 So. 894. These as well as several others support his ruling by which he sustained the objection of the introduction in evidence of the certificates of baptism, which judgment resulted in a judgment in favor of the defendant.

In so far as it rejected the demands of the intervener, which is the only matter before us on this appeal, the judgment of the lower court is affirmed.