428 So.2d 1017 (1983)
In the Matter of the SUCCESSION OF Neal Steven THERIOT.
No. 82 CA 0324.
Court of Appeal of Louisiana, First Circuit.
February 22, 1983.
*1018 James E. Marchand, Talbot, Sotile, Carmouche, Marchand & Marcello, Donaldsonville, for petitioner-appellant Shannon LeBlanc.
Dana K. Larpenteur, Wilbert & Larpenteur, Plaquemine, for defendant-appellee Gloria Vaughn Theriot Dufour.
Before LOTTINGER, COLE and CARTER, JJ.
LOTTINGER, Judge.
This is a suit to re-open the succession of Neal Steven Theriot by Joyce LeBlanc, the natural tutrix of Shannon Cody LeBlanc. The petition alleges that Shannon Cody LeBlanc is the acknowledged illegitimate offspring of the deceased, and prays that the succession of the deceased be re-opened and Shannon Cody LeBlanc's rights therein be recognized. The provisional administratrix appointed for the succession, Gloria Vaughn Theriot, filed peremptory exceptions of no cause of action and prescription, which were sustained by the trial judge. This devolutive appeal followed.

FACTS
Neal Steven Theriot died on January 8, 1980. Subsequently his succession was opened and a judgment of possession signed on February 1, 1980, and was filed for recordation on February 5, 1980.
In Succession of Brown, 388 So.2d 1151 (La.1980), the Supreme Court affirmed the holding of the Second Circuit that La.Civ. Code art. 919 was unconstitutional in prohibiting acknowledged natural children from inheriting intestate from their father when the father had other relatives. Brown was rendered by the Second Circuit on January 22, 1980, and affirmed by the Supreme Court on September 3, 1980.
The suit to re-open the succession of Neal Steven Theriot was filed on November 12, 1981. The provisional administratrix filed the peremptory exception of no cause of action, arguing that Brown was to have prospective application only, and that plaintiff *1019 was therefore without a remedy, since the de cujus died and his succession was closed prior to final judgment in Brown. The exception of prescription concerned whether Shannon Cody LeBlanc's ability to prove filiation had prescribed by the passage of one year from the death of his alleged parent, under La.Civ.Code art. 209.
A hearing was held on these exceptions, during which the entire suit record was offered into evidence, including a birth certificate and a certificate attesting to the baptism of Shannon Cody LeBlanc. At the conclusion of the hearing, after hearing argument from the parties, the trial judge sustained the exceptions and dismissed the suit. Plaintiff appealed.

NO CAUSE OF ACTION
Plaintiff-appellant basically argues that the trial court erred in holding that Succession of Brown, supra, was to have prospective application only, and that therefore the plaintiff was without a cause of action.
The Louisiana Supreme Court recently addressed this issue in Succession of Clivens, 426 So.2d 585 (La.1983) on rehearing; and in Harlaux v. Harlaux, 426 So.2d 602 (La.1983). The court therein held that Succession of Brown would have a limited retroactive application back to January 1, 1975, the effective date of the Louisiana Constitution of 1974, in both testate and intestate successions.
It is well-settled that when the exception of no cause of action is raised, all the pleadings of the plaintiff's petition are accepted as true and no evidence is admissible to support or defeat the exception, see Bamber Contractors, Inc. v. Henderson Brothers, Inc., 345 So.2d 1212 (La.App. 1st Cir.1977) and cases cited therein. Plaintiff's petition alleges that Shannon Cody LeBlanc was acknowledged by his natural father. Accepting this allegation as true (as we must) for the moment, we find that the petition states a cause of action. Since Neal Steven Theriot died subsequent to the effective date of the 1974 constitution, i.e., January 1, 1975, Succession of Brown can be given retroactive application herein and plaintiff can thereby assert his rights in and to his natural father's succession, Clivens and Harlaux, supra.
Thus, the exception of no cause of action was improperly sustained.

PRESCRIPTION
Although this is a suit to re-open a succession and not one to prove filiation, Shannon Cody LeBlanc must establish his filiation with the deceased as a pre-requisite to asserting his interest in the succession.
Plaintiff alleged that Shannon Cody LeBlanc had been acknowledged by his natural father. La.Civ.Code art. 203, as amended in 1979, provides methods for formally acknowledging an illegitimate child:
"The acknowledgment of an illegitimate child shall be made by a declaration executed before a notary public, in the presence of two witnesses, by the father and mother or either of them, or it may be made in the registering of the birth or baptism of such child."
This court in Stewart v. Parish of Jefferson Davis, 17 La.App. 626, 136 So. 659 (La. App. 1st Cir.1931) held that a baptismal certificate issued by a priest and containing the natural parent's name would not suffice to establish an acknowledgment; a declaration of filiation must be made in connection with the baptism and evidenced in the certificate. However, Stewart was rendered prior to the 1979 amendment to the La.Civ. Code art. 203, which read formerly:
"The acknowledgment of an illegitimate child shall be made by a declaration executed before a notary public, in presence of two witnesses, by the father and mother or either of them, whenever it shall not have been made in the registering of the birth or baptism of such child."
The court in Stewart interpreted the above to mean that a declaration had to be made in connection with registering the birth or baptism. We interpret the amended version of La.Civ.Code art. 203 to be *1020 fulfilled if the natural parent signs the certificate of birth or baptism as a parent, finding that such signature is tantamount to a declaration of filiation.
Filed into evidence in connection with the hearing on the exceptions were Shannon Cody LeBlanc's birth certificate and a certificate attesting to the fact of his baptism. However, neither a declaration by nor the signature of Neal Steven Theriot is found in or on either document; in fact, the deceased's name does not even appear therein.[1]
Under these circumstances both parties assumed that Shannon Cody LeBlanc would have to prove his filiation to Neal Steven Theriot through judicial proceedings, as is set out in La.Civ.Code art. 209, which reads:
"A. A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation as to an alleged living parent by a preponderance of the evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this Article.
"B. A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation as to an alleged deceased parent by clear and convincing evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this Article.
"C. The proceeding required by this Article must be brought within one year of the death of the alleged parent or within nineteen years of the child's birth, whichever first occurs. This time limitation shall run against all persons, including minors and interdicts. If the proceeding is not timely instituted, the child may not thereafter establish his filiation.
"D. The right to bring this proceeding is heritable."
It is in connection with the application of La.Civ.Code art. 209 that defendant raised the exception of prescription, arguing that plaintiff's suit to prove filiation had prescribed since more than one year passed between the death of Neal Steven Theriot and the institution of this suit.
Plaintiff contends that the legislature in amending La.Civ.Code art. 209 in 1981 (which amendment lengthened the time limit from six months to one year from the death of the parent, or nineteen years from the birth of the child, whichever comes first) granted a one-year grace period from the effective date of the Act to bring a filiation proceeding by or on behalf of "[a]ny person against whom the time period provided in this Act would otherwise have accrued." Acts 1981, No. 720, § 2. The effective date of the Act was September 11, 1981. Plaintiff-appellant argues that since Shannon's suit to prove filiation would have otherwise prescribed, this suit, filed November 12, 1981, was filed within the one-year grace period granted in Acts 1981, No. 720 § 2, and therefore the judgment of the trial court sustaining the exception of prescription was in error.
We find that plaintiff's contention has merit. The fact that the grace period provided by Acts 1980, No. 549 expired prior to the filing of the instant suit does not preclude plaintiff from attempting to prove filiation by filing within the second grace period provided in Act 720 of 1981. See discussion in Succession of Clivens, supra.

DECREE
Therefore, for the above and foregoing reasons, judgment of the trial court sustaining the peremptory exceptions of no cause of action and prescription, and dismissing plaintiff's suit, is hereby reversed, and the cause remanded for further proceedings not inconsistent with this opinion. All costs of this appeal are assessed against the provisional tutrix of the succession, Gloria Vaughn Theriot.
REVERSED AND REMANDED.
NOTES
[1] We observe that the baptismal document filed into evidence is not actually a certified baptismal certificate taken from the church records, but is merely an "abstract"-like document stating that the child was in fact baptized on a certain date in a certain church.