MARVIN, Judge.
A plaintiff, who sought to prove his father’s maternal filiation as an informally acknowledged illegitimate, appeals a judgment dismissing his action on an exception of prescription. La.C.C. Arts. 208, 209, as amended by Act 549 of 1980 and Act 720 of 1981.
The limited issues presented concern whether the 1980 prescription period applies and whether the 1980 prescription was extended by the grace period of the 1981 act. C.C. Art. 209.
In an opinion dated January 3, 1983, the trial court reasoned that the grace period of the 1980 act was one of peremption which was not revived or extended by the 1981 act. Following Succession of Theriot, 428 So.2d 1017 (La.App. 1st Cir.1983), which was rendered February 22, 1983, we reverse.
FACTS ALLEGED
The successions of Elijah Sanders and his daughter Ida Belle Sanders Powell were opened in one proceeding in Lincoln Parish in 1979 by Harry Sanders, who was a brother of Ida Belle. Harry Sanders alleged that Elijah had three children by his wife, who predeceased Elijah, that Ida Belle died intestate in Iowa in 1947, leaving no legitimate children, and without acknowledging her illegitimate child, Joe E. Bedford. The *915 third child of Elijah Sanders was Albert Sanders, who was alleged to have died testate in Iowa in 1978. Elijah was alleged to have died intestate in Louisiana in 1917. A judgment of possession signed October 18, 1979, placed Harry Sanders in possession of an undivided one-half interest of the property belonging to the successions of Elijah Sanders and Ida Belle Sanders Powell, and described immovable property in Lincoln Parish.
On July 22,1982, plaintiff Joe A. Bedford brought the instant action, seeking to reopen the succession of Ida Belle and alleging that his father, Joe E. Bedford, who died intestate October 30, 1977, was informally acknowledged by Ida Belle as her child. Nolan Sanders, daughter of and successor in title to Harry Sanders, filed the exception of prescription under C.C. Art. 209.
The litigants direct their argument to the effect of the 1980 and 1981 amendments to C.C. Arts. 208 and 209, which concern proof of filiation. They do not address issues relating to when and how an informally acknowledged illegitimate inherits from his or her mother to the exclusion of that mother’s collateral relations. We do not address those issues.
The 1980 and 1981 amendments to Arts. 208 and 209 have been discussed at length and we will not add to the discussion. See 41 LLR 372 (1981); 42 LLR 401 (1982); Succession of Clivens, 426 So.2d 585 (La.1982); Harlaux v. Harlaux, 426 So.2d 602 (La.1983); Theriot, supra. Certainly this appeal may be distinguished from Theriot, but that case nonetheless held that the fact that the grace period of the 1980 act expired prior to a plaintiff instituting her action did not preclude that plaintiff from attempting to prove filiation by filing within the second grace period of the 1981 act. Theriot, at p. 1020.
The judgment sustaining the exception of prescription of C.C. Art. 209, as amended by Act 549 of 1980, which dismissed plaintiff’s action, is REVERSED at the cost of appel-lees and this action is remanded for further proceedings.
REVERSED and REMANDED.