463 So.2d 971 (1985)
Alfred Joseph THOMAS, et al., Plaintiffs-Appellees,
v.
Bertha B. SMITH, et al., Defendants-Appellants.
No. 84-69.
Court of Appeal of Louisiana, Third Circuit.
January 30, 1985.
*972 J. Marvin Montgomery, Baton Rouge, for defendants-appellants.
*973 Wilford Carter, Lake Charles, for plaintiffs-appellees.
Camp, Carmouche, Barsh, Hunter, Gray & Hoffman, Randy Fuerst, M. Joy Clemons, Lake Charles, for defendants-appellees.
Before DOUCET, YELVERTON and KNOLL, JJ.
DOUCET, Judge.
This is a paternity suit brought by Alfred Thomas and Sarah Diane Dotson against Bertha Smith, who is the widow of the plaintiffs' alleged biological father. The defendant denies that her deceased husband is the biological father of the plaintiffs. Furthermore, the defendant excepted on the ground that the plaintiffs have no right of action because the ex-husband of the plaintiffs' biological mother, Earlie Shepard, is their presumptive father. The trial court held that the plaintiffs have the right to seek filiation and that the biological relationship was proven by clear and convincing evidence. The defendant perfected this devolutive appeal.
The appellants present three principal arguments: 1) That the plaintiffs have no right of action to seek filiation to the decedent because they are already the legitimate children of Earlie Shepard and her ex-husband by operation of La.C.C. art. 184; 2) That the trial court erred in concluding that the plaintiffs sustained their burden of proving paternity by clear and convincing evidence; and 3) That the trial court erred in denying the defendants' application for a new trial.
The appellant argues that the plaintiffs have no right to seek illegitimate filiation to the decedent because they already have legitimate status as the children of Earlie and David Shepard who have long since been divorced. The record indicates that Sarah Dotson was born on September 1, 1948 and that Alfred Thomas was born on August 7, 1950. Also, Earlie Shepard, who is the mother of the plaintiffs, was divorced from David Shepard on March 1, 1950. Sarah Dotson is considered by the law to be the legitimate issue of the marriage between Earlie and David Shepard through the operation of La.C.C. art. 184. La.C.C. art. 184 states that the husband of the mother is presumed to be the father of all children conceived during the marriage. As Sarah Dotson's birth occurred during her mother's marriage, this article provides the presumption that David Shepard is her father. Through the application of La.C.C. art. 185, Alfred Thomas is presumed to have been conceived during the marriage of Earlie and David Shepard because he was born within three hundred days after the judgment of divorce. Therefore, Alfred Thomas is presumed to be the son of David Shepard because he is presumed to have been conceived while Mr. Shepard was married to his mother. In short, both of the plaintiffs are presumed to be the children of David Shepard.
The appellant contends that this legitimate status precludes the plaintiffs from seeking illegitimate filiation to the decedent. In support of his argument, the appellant advances a well conceived argument that the jurisprudence which affords the right to seek paternity under these circumstances is in error. The crux of the appellants' argument is that the Louisiana Supreme Court incorrectly applied Federal Jurisprudence on the Equal Protection Clause of the Federal Constitution to Louisiana Statutes dealing with the classification of illegitimates and their rights. The appellant contends that Equal Protection is satisfied as long as adulterous offspring are afforded the rights of legitimate offspring; as in this case where allegedly adulterous offspring are nonetheless entitled to legitimate status and are accordingly granted the same rights with respect to their respective parent. The appellants further argue that because equal protection is satisfied the implied constraints of La.C.C. art. 209 preclude persons with legitimate status from seeking illegitimate filiation to another person.
La.C.C. art. 209 does not specifically preclude this type of action but many arguments have been advanced that contend *974 that the latest amendment to this article implicitly precludes legitimates from seeking illegitimate paternity. A brief review of the legislative history helps in explaining the argument.
In 1980 the Legislature passed Act 549 amending Art. 209 of Louisiana Civil Code to read in pertinent part as follows:
"Art. 209. Methods of proving filiation.
1. An illegitimate child may be entitled to a rebuttable presumption of filiation under the provisions of this Article. Or any child may establish filiation, regardless of the circumstances of conception, by a civil proceeding instituted by the child or on his behalf in the parish of his birth, or other proper venue as provided by law, within the time limitation prescribed in this Article."
(emphasis added)
This article clearly confers the right, on any person regardless of his status as legitimate or illegitimate, to seek the establishment of filiation. Therefore, under this article the plaintiffs in the instant case are clearly entitled to bring the paternity action. However, Art. 209 was amended once again by Act 720 of 1981. This Act was approved by the Governor on July 23, 1981, and was published in the Official Journal of this State on August 11, 1981. After this amendment Art. 209 reads as follows:[1]
"A. A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation by a preponderance of the evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this Article.
B. The proceeding required by this Article must be brought within one year of the death of the alleged parent or within nineteen years of the child's birth, whichever first occurs. This time limitation shall run against all persons, including minors and interdicts. If the proceeding is not timely instituted, the child may not thereafter establish his filiation.
C. The right to bring this proceeding is heritable."
A persuasive argument is advanced by Prof. Katherine Spaht of the Louisiana State University Law Center in 42 La.Law Review 403. Prof. Spaht argues that in Act 720 of 1981, the legislature implicitly precluded children of legitimate filiation from seeking illegitimate filiation by deleting the explicit language in the pre-amendment that conferred right to seek filiation "regardless of the circumstances surrounding conception". The appellant cites Prof. Spaht's Law Review article as authority for the argument that the plaintiffs in the instant case have no right of action in this case and that the trial court erred in holding otherwise.
It is to be noted that the plaintiffs filed their original petition on May 11, 1981 and an amended petition on June 12, 1981; clearly before the effective date of Act 720 on July 23, 1981. Therefore Act 549 of 1980 is to be applied in deciding this case. Act 720 of 1981 has a prospective application only because it is substantive in nature. Fontenot v. Thierry, 422 So.2d 586 (La.App. 3rd Cir.1982), writ denied 427 So.2d 868 (La.1983). The language of Act 549 of 1980 clearly provides that any person can seek filiation "regardless of the circumstances of conception". Thus the plaintiffs in the instant case have the right to seek the establishment of their filiation to the decedent.
There is also a substantial body of jurisprudence as authority for the position that a person can seek filiation regardless of the circumstances of conception. The watershed case is Warren v. Richard, 296 So.2d 813 (La.1974), in which the Louisiana Supreme Court held that an illegitimate child could recover for wrongful death of its biological father even though, at the same time, she was also the legitimate child of another man according to La.C.C. art. 184. The progeny of this case has *975 extended this right to establish illegitimate filiation notwithstanding legitimate status vis-a-vis presumptive father to other areas of the law. In a relatively recent decision, the Louisiana Supreme Court, in Malek v. Yekani-Fard, 422 So.2d 1151 (La.1982), made the following pronouncement:
"It is argued that this mother has a legal husband. Her marital status is irrelevant except for any weight it may have at trial in proving or disproving filiation. `[I]t is the biological relationship and dependency which is determinative of the child's rights in these cases, and not the classification into which the child is placed by the statutory law of this State.' Warren v. Richard, 296 So.2d 813 at 817 (La., 1974)."
This jurisprudential position is clear; the trend of the jurisprudence is to allow the true parentage of an individual to be established, if such can be accomplished. Succession of Levy, 428 So.2d 904 (La.App. 1st Cir.1983). Therefore, in addition to the dictates of the applicable codal provision which provides the plaintiffs with the right to bring this action, there is substantial jurisprudential authority for providing this right as well. Accordingly the trial court correctly overruled the defendant's peremptory exception of no right of action.
The appellants' next assignment of error concerns the sufficiency of evidence used as the basis for the trial court's factual conclusion in light of the more strict standard of clear and convincing evidence. La.C.C. art. 209 provides that a child must prove filiation to a deceased parent with clear and convincing evidence. The 1982 amendment to Art. 209 made the provision for the clear and convincing standard when a deceased parent is involved. This amendment is to have retroactive application because it is evidentiary and remedial in nature. La.C.C. art. 8, Fontenot v. Thierry, supra; State Through H. & H. Resources Admin v. Essex, 427 So.2d 71 (La.App. 4th Cir.1983), writ denied, 430 So.2d 82 (La.1983). Therefore, the applicable standard of proof in the instant case is clear and convincing evidence as opposed to a preponderance of the evidence or beyond a reasonable doubt.
An informal acknowledgement must be of a continuous, habitual, and unequivocal nature and of sufficient frequency that there can be little doubt that the alleged father truly believes himself to be the father of the child. IMC Exploration Co. v. Henderson, 419 So.2d 490 (La.App. 2nd Cir.1982). The appellant contends that the plaintiffs failed to prove clearly and convincingly that the decedent continuously and habitually acknowledged the plaintiffs as his children and that the basis of the trial court's decision was the testimony of Earlie Shepard, whose credibility, he contends, is subject to substantial doubt. In its written reasons for judgment, the trial court stated:
"Plaintiffs have produced substantial evidence to prove their filiation to Alfred Smith. Not only did he repeatedly and readily acknowledge to them that he was their father, but he told other members of the community the same thing. He arrranged for them to purchase school supplies at his expense. He made similar arrangements with the shoe repair shop, telling the proprietors these were his children. He supplied other of their needs and sent cards and messages on holidays and special occasions acknowledging his paternity. Maurice Tynes, an attorney in Lake Charles, was consulted with a view to providing for them in the event of his death and they were identified to Mr. Tynes as his children. On occasion when Alfred Thomas had problems with law enforcement people, Alfred Smith went to see Frank Salter, the then District Attorney, and sought help, clearly identifying the younger Alfred as his son.
Earlie Thomas Shepherd [sic] has added her testimony to the rest, stating that petitioners were the result of unions between her and Alfred Smith and that she had sexual relations with no one except Alfred Smith during the period when both children were conceived. There is also in evidence the obituary which appeared *976 in the newspaper on the occasion of Alfred Smith's death and a printed card containing an obituary and the "Order of Service" for the funeral. Both of these were prepared by Luberta Smith and both name petitioners as surviving children of Alfred Smith.
This Court finds that the evidence clearly and convincingly proves that petitioners are the son and daughter of Alfred Smith and Earlie Thomas Shepherd [sic] ..."
The trial court's finding of an informal acknowledgement is a factual determination. If there is a reasonable factual basis for the trial judge's conclusion regarding informal acknowledgement, then his conclusions should not be disturbed on appeal. Succession of Matte, 346 So.2d 1345 (La.App. 3rd Cir.1977); State v. Jefferson, 448 So.2d 907 (La.App. 3rd Cir. 1984). After reviewing the record and the trial court's reason for judgment we conclude that there was a reasonable factual basis for the trial court's conclusion notwithstanding the stricter burden of proof. The record is abundant with the testimony of credible sources that Mr. Smith considered the plaintiffs to be his children. Several witnesses testified that the decedent explicitly told them that the plaintiffs were his children. Although many of the declarations of the decedent were admissible hearsay meriting minimal consideration, the substantial body of this testimony accumulates clear and convincing weight. Even without the testimony of Earlie Shepard the factual conclusions of the judge withstand the strict clear and convincing standard. After reviewing the reasons for judgment it is clear that the trial court carefully reviewed the evidence and its credibility before reaching its factual conclusion. The trial court's factual conclusion that the plaintiffs clearly and convincingly proved themselves to be the illegitimate children of Mr. Smith is amply supported by the record and will therefore not be disturbed on this appeal.
Finally, the appellant contends that the trial court erred in refusing to grant the defendant's request for a new trial. A new trial must be granted based on newly discovered evidence where, (1) such evidence is not merely cumulative, (2) it would tend to change the results of the case, and (3) could not, with due diligence, have been obtained before or during the trial. Chauvin v. Chauvin, 297 So.2d 234 (La.App. 3rd Cir.1974). Subsequent to the trial the appellant obtained a copy of Alfred Thomas's birth certificate which had David Shepard listed as the father. A listing of paternity on a birth certificate is prima facie proof of such paternity. La. R.S. 40:42 The appellant contends that this certificate was obtained through due diligence but not before the trial because of the plaintiffs deceit in responding to interrogatories. This newly acquired evidence satisfies the first and third pre-requisites to be satisfied for a new trial, but appellant fails to adequately demonstrate how this birth certificate would have changed the outcome of the case. It must be remembered that the listing of paternity on a birth certificate is only rebuttable prima facie evidence. After reviewing the record we conclude that this one item of evidence would not have rebutted the substantial body of evidence to the contrary. The birth certificate would not have changed the outcome of the case. The defendant's request for a new trial was properly denied.
For the foregoing reasons, the judgment of the trial court is affirmed. The defendant-appellant is assessed with the costs of this appeal.
AFFIRMED.
NOTES
[1] Subsequent amendments are not relevant to the issues presented on this appeal.