LOTTINGER, Judge.
Plaintiff, Idella Lewis, filed suit seeking damages for the death of her son, Nelson Lewis, who was involved in a pickup truck/motorcycle accident which occurred on October 20, 1980 in Jeanerette, Louisiana. Sorrel Electrical Contractors, Inc.’s employee, Hermann J. Zimmerman, was operating the pickup truck which backed into the pathway of the motorcycle causing Nelson Lewis to be ejected from the motorcycle thereby causing his death.
After suit was filed discovery revealed that Nelson Lewis may have fathered an illegitimate son named Reginald Sam. Thereafter, defendants filed a peremptory exception raising the objection of no right or no cause of action. Pursuant to Article 2315 of the Louisiana Civil Code the proper party plaintiff in the suit would be Reginald Sam, if he was acknowledged under Civil Code Article 203.
After a hearing, the trial judge ruled that the defendants had failed in their burden of proving that the deceased had acknowledged Reginald Sam as his child.
The case was tried before a jury, and it was found that defendant’s employee was guilty of negligence which was the proximate cause of Nelson Lewis’ death. The jury also decided that Nelson Lewis was himself at fault in the accident. The jury allotted 40% of fault to Herman Zimmerman, the employee of Sorrel Electric, and determined that Nelson Lewis was 60% at fault. Additionally, the jury awarded plaintiff $7,200 for loss of support, $7,000 for medical expenses, $15,000 in the survival action as a result of Nelson Lewis’ pain and suffering, and $45,000 for loss of love and affection.
After trial, the defendants reiterated their objection of no right/no cause of action as a result of newly discovered evidence. A hearing was held wherein the original christening certificate was introduced into evidence. In oral reasons the *758 trial court overruled the peremptory exception insisting that defendants still had not sustained their burden of proving that the deceased had acknowledged the illegitimate child Reginald Sam.
By way of this appeal plaintiff asserts eight (8) assignments of error. Defendants have answered the appeal and have asserted an additional assignment of error for our review. Because of the following discussion on defendants’ assignment of error, we pretermit discussion of plaintiffs assignments of error.
DEPENDANTS’ ASSIGNMENT OF ERROR NO. 1
In this assignment, defendants urge that the trial court erred in denying the peremptory exception raising the objections of no right/no cause of action and non joinder of indispensible party.
Defendants argue that in light of the law and evidence presented at the original and subsequent hearings on the exception the trial judge erred in dismissing the exception.
The evidence revealed that at the time of Nelson Lewis’ death he had lived continuously with Pinky Mae Sam for approximately nine years. On January 24, 1977, a child named Reginald Sam was born to Pinky Mae Sam during the time Nelson and Pinky lived together. When asked, Pinky Mae admitted frankly that she and Nelson Lewis were living together as man and wife and that they were having sexual relations.
Also filed into evidence was an original copy of the christening certificate of Reginald Sam. The christening certificate dated February 11, 1979, came from the Zion Travelers Baptist Church in New Iberia, Louisiana where the christening of Reginald Sam took place. The certificate indicates the mother to be Pinky Mae Sam and the father to be Nelson Lewis.
Plaintiff avers that neither Pinky Mae nor Nelson Lewis signed the document. However, it was revealed to be the common practice for the church secretary to fill in the names of the parents on the certificate. Several witnesses who were present at the christening testified that Nelson Lewis stepped forward and presented himself as the father of Reginald Sam.
The methods of making an acknowledgment are provided by Louisiana Civil Code Article 203. Article 203 states that an acknowledgment of an illegitimate may be made before a notary and two witnesses, or it may be made by registering the birth or baptism of the child.
The evidence presented at trial was sufficient to show that Nelson Lewis acknowledged Reginald Sam as his child under Article 203. An act whereby a parent announces to the congregation at the child’s christening that he is the parent of that child is one of the situations for which Article 203 was intended to extend. In this instance no more needed to be done to acknowledge Reginald Sam as Nelson Lewis’ child.
Therefore, for the above and foregoing reasons we reverse the judgment of the trial court and it is now ordered, adjudged, and decreed that there be judgment in favor of defendants dismissing plaintiff’s suit. All costs of this proceeding, both in this court and in the trial court are assessed to plaintiff-appellee.
REVERSED AND RENDERED.