WILLIAM A. CULPEPPER, Judge, Pro Tern.
The appellant, George Woodrow, alleges that he is the informally acknowledged illegitimate son of Kenneth Savoy and is, therefore, entitled to a forced portion of Savoy’s estate. Opposing Woodrow in his claim are the proponents and opponents of Kenneth Savoy’s will. An exception of prescription under LSA-C.C. art. 209 was filed to Woodrow’s suit. The trial court originally sustained the exception, then recalled its judgment and referred it to trial on the merits. The will’s opponents and proponents settled their dispute at trial, and jointly resisted Woodrow’s forced heirship claim. After a hearing, the trial judge rendered judgment in favor of the will proponents declaring the testament to be valid, and sustained the exception of prescription to the filiation suit. Woodrow appealed.
The issue presented on appeal is whether an informally acknowledged illegitimate child must bring an action to establish such acknowledgment within the time limits prescribed by Civil Code article 209.
FACTS
Kenneth Savoy died testate on August 22, 1984, survived only by nieces and nephews. According to the affidavit of death and heirship, he never married and had no children. He left a will naming Patricia Bartie, Bertha Sturlese Brown, Daphne Sturlese, and Rebecca Jones LaSalle (appel-lees) as universal legatees.
Several persons claiming to be collateral heirs of the deceased filed suit seeking to nullify the will. Appellant filed a petition in the succession proceeding on August 22, 1985, claiming to be the acknowledged child of decedent and therefore entitled to inherit as a forced heir.
The record shows that appellant was born on July 17, 1923, in Cameron, Louisiana. Appellant’s birth certificate lists his parents as Annie Bartie and Kenny Savoy. Shortly after birth, appellant and his mother moved to Orange, Texas, where he was reared. He resided with his mother, his stepfather, and an older brother. At trial, he testified that he was referred to as George Savoy until he entered the first grade.
Appellant stated that as a youngster he met once with Kenny Savoy while Savoy was visiting in Orange. He testified that Savoy occasionally came to Orange to visit other people, but did not make any effort to visit him. Appellant stated that he made special trips to Cameron to visit Savoy once when he was about 17 years old, and again on several occasions a few years prior to Savoy’s death. He also testified that he had never received any gifts, letters, or telephone calls from Savoy.
Several witnesses from Cameron testified that Savoy never told anyone that he had any children. Appellant testified that only three people who lived in Orange knew that Savoy was his father.
After the hearing, the trial judge sustained the exception of prescription to appellant’s claim, and moreover, held he did not meet the standard of proof which is required in a filiation case of this kind.
REQUIREMENT TO PROVE FILIATION
Appellant argues that an informally acknowledged illegitimate is not required to *61 bring an action to prove filiation under LSA-C.C. art. 209, which provides:
“A. A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation as to an alleged living parent by a preponderance of the evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this article.
B. A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation as to an alleged deceased parent by clear and convincing evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this article.
C. The proceeding required by this article must be brought within one year of the death of the alleged parent or within nineteen years of the child’s birth, whichever first occurs. This time limitation shall run against all persons, including minors and interdicts. If the proceeding is not timely instituted, the child may not thereafter establish his filiation, except for the sole purpose of establishing the right to recover damages under Article 2315. A proceeding for that purpose may be brought within one year of the death of the alleged parent and may be cumulated with the action to recover damages.
D. The right to bring this proceeding is heritable.”
Appellant, who was 61 years old at the time of decedent’s death, stipulated that he did not institute any article 209 filiation proceedings within the time limitations provided by the statute. The basis of his argument is that an informal acknowledgment meets the requirements of LSA-C.C. art. 203, which does not have a specific prescriptive period and is therefore subject to a liberative prescription of ten or thirty years. LSA-C.C. art. 203 provides:
“The acknowledgment of an illegitimate child shall be made by a declaration executed before a notary public, in the1 presence of two witnesses, by the father and mother or either of them, or it may be made in the registering of the birth or baptism of such child.” (Footnote omitted.)
The jurisprudence has long recognized that acknowledgment may take place informally. Succession of Levy, 428 So.2d 904 (La.App. 1 Cir.1983), overruled on other grounds in Griffin v. Succession of Branch, 479 So.2d 324 (La.1985). An informal acknowledgment must be continuous, habitual, unequivocal, and of a frequency which allows little doubt that the alleged father considers himself to be the father of the child. State Through Dept. of Health v. Williams, 471 So.2d 1064 (La.App. 3 Cir.1985); Thomas v. Smith, 463 So.2d 971 (La.App. 3 Cir.1985).
Appellant testified that only three people were aware that Kenny Savoy was his father. Numerous witnesses from Savoy’s community testified that Savoy never acknowledged that he had a child. The only written evidence linking Savoy with appellant is Savoy’s name on appellant’s birth certificate. It has been established that the fact that others place the name of the father in the birth records of a child is not sufficient to constitute an acknowledgment under article 203. In Re Wildeboer, 406 So.2d 687 (La.App. 2 Cir.1981).
The trial judge held that appellant did not meet the standard of proof required in a filiation action. The determination by the trial court of whether there has been sufficient proof of descent from the alleged parent is a question of fact which should not be disturbed in the absence of manifest error. Williams, supra; Smith, supra.
Appellant’s argument that informally acknowledged children are not required to comply with LSA-C.C. art. 209 was directly addressed in Succession of Alexander, 460 So.2d 19 (La.App. 1 Cir.1984), writ den., 462 So.2d 652 (La.1985). In Alexander, the court specifically held that informal acknowledgment does not dispense with the action to prove filiation as prescribed by LSA-C.C. art. 209. The court reached a similar result in Matter of Thomas, 450 So.2d 1048 (La.App. 1 Cir.1984), writ den., 457 So.2d 1192 (La.1984), where *62 it held that informal acknowledgment is merely one method of proving filiation, not a means of interrupting prescription.
The Louisiana Supreme Court settled the issue in Griffin v. Succession of Branch, supra, at page 327, in which it stated:
“As can be seen from a literal reading of Article 209, as amended by Act 7204, the present article attempts to define those children who must bring the filiation action by listing those classes of children which are not required to bring an Article 209 filiation proceeding. Now under Act 720, those children who do not fall into one of the enumerated classes (i.e. presumed legitimately filiated under Article 184, legitimated under Article 198, or formally acknowledged under Article 203) must institute an Article 209 filiation proceeding.” (Footnote omitted.)
Appellant does not fall within one of the enumerated classes which is not required to bring a filiation action. Thus, he was required to comply with the requirements of LSA-C.C. art. 209. Since he did not bring the action within the time limitations provided in the statute, his claim has clearly prescribed.
For the reasons assigned, the judgment of the trial court is affirmed. All costs are assessed against George Woodrow, appellant.
AFFIRMED.