GONZALES, Judge.
The parties in this case rely upon conflicting First Circuit Court of Appeal cases to support their respective positions concerning the interpretation of La.C.C. art. 203. This court convened en banc to resolve the conflict.
PROCEDURAL HISTORY AND FACTS
Henry Earl Cobb died on June 28, 1992. He was survived by his wife, Thelma M. Cobb, and there were no children born of the marriage. Subsequently, his surviving spouse, Mrs. Cobb, filed an uncontested succession proceeding in the 19th Judicial District Court. On October 9, 1992, the trial court signed a judgment of possession, recognizing Mrs. Cobb as the sole heir of Mr. Cobb and putting her in possession of his estate.
On March 1,1993, Lillian Joy Knight filed a motion to reopen the succession, alleging that she was the natural daughter of Henry Earl Cobb, that she was bom on November 9, 1971, that she had been acknowledged by Mr. Cobb, and that she should be recognized as his heir and put into possession of his estate. Further, on March 1, 1993, Ms. Knight filed a petition for temporary restraining order, asking that Mrs. Cobb be prohibited from in any way adversely affecting Ms. Knight’s interest in the estate of Mr. Cobb.
On June 17, 1993, Mrs. Cobb filed a peremptory exception of prescription, alleging that Ms. Knight had failed to bring a timely filiation action under La.C.C. art. 209, and asking that her suit be dismissed. On November 2, 1993, the trial court dismissed Mrs. Cobb’s exception of prescription.
On December 18, 1995, Mrs. Cobb filed exceptions of no right of action, no cause of action, and prescription. On February 26, 1996, the trial court signed a judgment in favor of Mrs. Cobb, and against Ms. Knight, sustaining the peremptory exceptions of no right and no cause of action and dismissing, with prejudice, the suit filed by Ms. Knight. Ms. Knight is appealing that judgment. She makes the following assignments of error:
1. The Court committed manifest error in granting exceptor’s exception of no right of action where Appellant, LILLIAN JOY KNIGHT, 13is in the particular class to which the law grants a remedy under the circumstances of this case.
2. The Court committed manifest error in granting exceptor, Thelma Cobb’s, exception of no cause of action where Appellant, LILLIAN JOY KNIGHT, has stated a cause of action and a remedy at law in the pleadings filed at the trial level.
Ms. Knight argues that she is the acknowledged child of Mr. Cobb under La.C.C. art. 203; therefore, she is not required to bring a filiation action under La.C.C. art. 209 and the time constraints of La.C.C. art. 209 thus do not apply to her action.
THE APPLICABLE LAW
Louisiana Civil Code article 203 provided at the time Ms. Knight filed her action:[2]
*253 The acknowledgment of an illegitimate child shall be made by a declaration executed before a notary public, in the presence of two witnesses, by the father and mother or either of them, or it may be made in the registering of the birth or baptism of the child.
Louisiana Civil Code article 209 provides:
A. A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 208 must prove filiation as to an alleged living parent by a preponderance of the evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided by this article.
B. A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or acknowledgment under Article 203 must prove filiation as to an alleged deceased parent by clear and convincing evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this article.
C. The proceeding required by this article must be brought within one year of the death of the alleged parent or within nineteen years of the child’s birth, whichever first occurs. If the proceeding is not timely instituted, the child may not thereafter establish his filiation, except for the sole purpose of establishing the right to recover damages under Article 2315. A proceeding for that purpose may be brought within one year of the death of the alleged parent and may be cumulated with the action to recover damages. (Emphasis added.)
In Succession of Alexander, 460 So.2d 19, 21 (La.App. 1st Cir.1984), writ denied, 462 So.2d 652 (La.1985), this court stated:
Article 209 requires “a child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203” to prove filiation. Article 203 provides for acknowledgment by declaration before a notary public and two witnesses by the father and mother or either of them or in the registering of the birth or baptism of the child. The legislature in amending La.Civ.Code arts. 208 and 209 has in essence said that an Article 203 acknowledgment is self proving, whereas any other must be proven in an action to establish filiation. (Footnote deleted.)
Ms. Knight argues that she was acknowledged by her baptismal certificate, on which Mr. Cobb’s name appears as her father.
Mrs. Cobb, arguing that Ms. Knight does not meet the requirements for acknowledgment under La.C.C. art. 203, relies upon Succession of Theriot, 428 So.2d 1017, 1019-20 (La.App. 1st Cir.1983), in which this court held:
We interpret the amended version of La. Civ.Code art. 203 to be fulfilled if the natural parent signs the certificate of birth or baptism as a parent, finding that such signature is tantamount to a declaration of filiation. (Emphasis added.)
Theriot relies upon Stewart v. Parish of Jefferson, 17 La.App. 626, 136 So. 659 (La.App. 1st Cir.1931). In Stewart, this court found that the baptismal certificate, which was filled in by the priest and not signed by the father or mother, was not sufficient to constitute an acknowledgment under La.C.C. art. 203.[3] The Stewart court stated:
It is not pretended that the certificate bears any other signature than that of the officiating priest, and the source from which he derived his information for making it is not given. There is nothing in it which even remotely may be construed as *254 a declaration by the father or mother of this child which the article of the Code requires in order to constitute an acknowledgment.
Support for Mrs. Cobb’s position is also found in Second Circuit Court of Appeal and Third Circuit Court of Appeal cases. The Second Circuit Court of Appeal held in Matter of Succession of Brown, 522 So.2d 1382, 1387 (La.App. 2d Cir.1988) that:
IsUnder the apparent statutory scheme, the birth certificate does not purport to be prima facie evidence of the “fact” of paternity unless it is signed by the father. This conclusion is consistent with the interpretation of [C.C.] Art. 203 that formal acknowledgment by registry of the child’s birth requires the signature of the father.
******
We therefore must conclude that the Legislature has intended that the naming of someone as an illegitimate child’s father by others on the birth certificate would not constitute prima facie evidence of the father’s identity in a paternity dispute and would not suffice as a formal acknowledgment or declaration of paternity by the father under [C.C.] Art. 203.
The Third Circuit Court of Appeal stated in Succession of Savoy, 511 So.2d 59, 61 (La.App. 3rd Cir.1987):
It has been established that the fact that others place the name of the father in the birth records of a child is not sufficient to constitute an acknowledgment under article 203. In Re Wildeboer, 406 So.2d 687 (La.App. 2d Cir.1981).
‡ ‡ ‡ ‡ #
Appellant’s argument that informally acknowledged children are not required to comply with LSA-C.C. art. 209 was directly addressed in Succession of Alexander, 460 So.2d 19 (La.App. 1 Cir.1984), writ den., 462 So.2d 652 (La.1985). In Alexander, the court specifically held that informal acknowledgment does not dispense with the action to prove filiation as prescribed by LSA-C.C. art. 209. The court reached a similar result in Matter of Thomas, 450 So.2d 1048 (La.App. 1 Cir.1984), writ den., 457 So.2d 1192 (La.1984), where it held that informal acknowledgment is merely one method of proving filiation, not a means of interrupting prescription.
It is axiomatic that the rationale in the Matter of Succession of Brown and Succession of Savoy cases that the birth certificate should be signed to constitute an acknowledgment under La.C.C. art. 203 should apply also to cases involving the baptismal certificate.
Ms. Knight does not dispute that her baptismal certificate is not signed by Mr. Cobb. Rather, she argues that because he caused his name to be placed on the baptismal certificate (which was filled out by church officials) and attended the baptism ceremony, this is sufficient for an acknowledgment under La. C.C. art. 203. Ms. Knight expressly relies upon Lewis v. Sorrel Electrical Contractors, Inc., 468 So.2d 757 (La.App. 1st Cir.), writ denied, 474 So.2d 1308 (La.1985) as supporting this position.
lein Lewis, Mrs. Lewis filed suit seeking damages for the death of her son, Nelson Lewis, who was killed in a motorcycle accident. After the suit was filed, discovery revealed that Nelson Lewis might have fathered an illegitimate son. Thereafter, the defendants raised an objection of no right or cause of action. Under La.C.C. art. 2315, the son would be the proper party plaintiff in the suit, if he was acknowledged under La.C.C. art. 203.[4] In Lewis, 468 So.2d at 758, this court found as follows:
Plaintiff avers that neither Pinky Mae nor Nelson Lewis signed the document. However, it was revealed to be the common practice for the church secretary to fill in the names of the parents on the certificate. Several witnesses who were present at the christening testified that Nelson Lewis stepped forward and presented himself as the father of Reginald Sam.
The methods of acknowledgment are provided by Louisiana Civil Code Article *255 203. Article 203 states that an acknowledgment of an illegitimate may be made before a notary and two witnesses, or it may be made by registering the birth or baptism of the child.
The evidence presented at trial was sufficient to show that Nelson Lewis acknowledged Reginald Sam as his child under Article 203. An act whereby a parent announces to the congregation at the child’s christening that he is the parent of that child is one of the situations for which Article 203 was intended to extend. In this instance no more needed be done to acknowledge Reginald Sam as Nelson Lewis’ child.
No authority whatsoever is given by the Lems court for holding that a parent announcing to the congregation at the child’s christening that he is the parent of the child is sufficient to be an acknowledgment under La.C.C. art. 203. Apparently, this holding in Lewis came about as a result of this court straining to find an equitable result in favor of the minor child; nonetheless, this holding is at odds with the prior jurisprudence. We hold today that a baptismal certificate which is not signed by the parent does not comply with the requirements for acknowledgment under La. C.C. art. 203. In so holding, we expressly overrule this court’s contrary conclusion in Lewis v. Sorrel Electrical Contractors, Inc., 468 So.2d 757.
We find that Ms. Knight does not fall within the methods of making an acknowledgment listed in La.C.C. art. 203, because her baptismal certificate was not |7signed by Mr. Cobb. Therefore, Ms. Knight is in the class of persons who must bring a filiation action under La.C.C. art. 209,[5] and the trial court did not err in granting the exception of no right of action and dismissing the suit.[6] The trial court judgment is AFFIRMED. Costs are assessed against Ms. Knight.
CARTER, J., concurs in result only.
LOTTINGER, C.J., and SHORTESS and WHIPPLE, JJ., dissent and assign reasons.
GONZALEZ, J., concurs and assigns reasons.

. We note that La.C.C. art. 203 was amended by Acts 1995, No. 425, section 1, to add the following:
B. (1) An acknowledgment by notarial act is sufficient to establish an obligation to support an illegitimate child without the necessity of obtaining a judgment of paternity.
*253 (2) An acknowledgment by registry creates a presumption of paternity which may be rebutted if the alleged father proves by a preponderance of the evidence facts which reasonably indicate that he is not the father, provided such facts are susceptible of independent verification or of corroboration by physical data or evidence.

. At the time Stewart was decided, La.C.C. art. 203 read as follows:
The acknowledgment of an illegitimate child shall be made by a declaration executed before a notary public, in presence of two witnesses, by the father and mother, or either of them, whenever it shall not have been made in the registering of the birth or baptism of such child.

. We note that after suit was filed in the Lewis case, La.C.C. art. 209 was amended to provide an exception for La.C.C. art. 2315 plaintiffs. La. Acts 1984, No. 810, § 1.

. We note that, although Ms. Knight has not brought a filiation action, any such action would be barred by the time limitation set forth in La.C.C. art. 209, because she failed to bring such action within one year of the death of Mr. Cobb or within nineteen years from her birth.

. The pleading sets out a cause of action because both Lewis and Theriot were the law in this circuit. Deeming Ms. Knight’s well pleaded facts as true, her petition states a cause of action under Lewis.