WHIPPLE, Judge,
dissenting.
I respectfully disagree with the majority’s holding that a baptismal certificate which is not signed by the parent can never fulfill the requirements for acknowledgment pursuant to LSA-C.C. art. 203. In reaching this conclusion, the majority relies, in part, on cases which held that a birth certificate must be signed by the parent to constitute an acknowledgment under LSA-C.C. art. 203. See In the Matter of Succession of Brown, 522 So.2d 1382, 1385 (La.App. 2nd Cir.1988); Succession of Savoy, 511 So.2d 59, 61 (La.App. 3rd Cir.1987). In relying on these cases, the majority states that it is “axiomatic” that the same rationale should apply to cases involving a baptismal certificate. I disagree.
In Brown, the court held that “[ujnder the apparent statutory scheme,” the birth certificate must be signed by the father to constitute prima facie evidence of paternity. (Emphasis added). Specifically, the court pointed to LSA-R.S. 40:34(B)(l)(a)(iv) (prior *256 to amendment by Acts 1989, No. 819, § 1), which directed that if an illegitimate child was given the natural father’s surname or a combination of the father’s surname and the mother’s maiden name, “the signature of the natural father shall be required on the original certificate of live birth in the space provided for the signature of the parent or other informant.” (Emphasis added). Otherwise, the court concluded, if the parents were not married, LSA-R.S. 40:34 and 40:42 (prior to amendment by Acts 1987, No. 341, § 1) contemplated |2that the identity of an illegitimate child’s father need not appear on the birth certificate.[1] In the Matter of Succession of Brown, 522 So.2d at 1387.
However, our statutory law does not dictate any specific form or requirements for baptismal certificates. Rather, the laws or rules of the particular church will govern the form of and requisite signatures to be placed on the baptismal certificate. Thus, I do not agree that the same rationale applied with regard to formal acknowledgment on the birth certificate should necessarily be applied to baptismal certificates.
In Wells v. White-Grandin Lumber Co., Inc., 13 La.App. 696, 699, 129 So. 171, 173 (La.App. 1st Cir.1930), this court interpreted LSA-C.C. art. 203, as it read prior to amendment in 1979, to require a declaration to be made in connection with the registering of the baptism and, thus, found that C.C. art. 203 contemplated something more than mere oral testimony concerning the baptism, as was presented in that case.[2] In interpreting the requirements of C.C. art. 203, the court stated as follows: “What the law means by a declaration in the registering of the baptism of the child is some kind of record bearing some semblance at least of official approval or authority on the part of those ^empowered to perform the ceremony.” Wells, 13 La.App. at 699; 129 So. at 173. (Emphasis added).
The following year, in Stewart v. Parish of Jefferson Davis (Stewart, Intervener), 17 La.App. 626, 136 So. 659 (La.App. 1st Cir.1931), this court held that a baptismal certificate, whieh listed the names of both parents, but which was only signed by the officiating priest, was insufficient to constitute an acknowledgment under C.C. art. 203. However, this case also interpreted the version of C.C. art. 203 prior to amendment in 1979. Additionally, in reaching this conclusion, the court specifically noted that the source from which the priest derived his information in completing the baptismal certificate was not given. Stewart, 17 La.App. at 627; 136 So. at 660.
In Succession of Theriot, 428 So.2d 1017, 1019-1020 (La.App. 1st Cir.1983), this court interpreted LSA-C.C. art. 203, as amended in 1979, and concluded that it was not necessary under the amended version of the article that there be a declaration made in connection with the baptism.[3] Rather, the court found that the requirements of LSA-C.C. *257 art. 203 would be “fulfilled if the natural parent signs the certificate of ... baptism as a parent, finding that such signature is tantamount to a declaration of filiation.” (Emphasis added). However, while a signature of the natural father on the baptismal certificate would be one manner in which the requirements of art. 203 may be fulfilled, I do not read Theriot as | folding that a signature on the baptismal certificate is the only way that the requirements of art. 203 may be fulfilled.
In Theriot, the court found the evidence therein to be insufficient to prove acknowledgment, noting that the baptismal document filed into evidence was not actually a certified baptismal certificate, but merely an abstract-like document stating that the child was in fact baptized on a certain date in a certain church. The court also noted that the alleged father’s name did not even appear on that document. Succession of Theriot, 428 So.2d at 1020 & n. 1.
However, in Lewis v. Sorrel Electrical Contractors, Inc., 468 So.2d 757 (La.App. 1st Cir.), writ denied, 474 So.2d 1308 (La.1985), which dealt with a baptismal certificate listing the father’s name but not signed by the father, this court was presented with sufficient evidence to establish acknowledgment at the baptism of the child. The evidence established that the father had acknowledged paternity at the baptismal ceremony and had caused his named to be entered upon the certificate. Additionally, evidence was presented to establish that it was common practice for the church secretary to fill in the names of the parents on the certificate, rather than for the parents to fill in or sign their names. Lewis, 468 So.2d at 758.
Thus, I believe that where, in addition to a baptismal certificate listing the name of the illegitimate child’s father, other evidence is presented to establish an acknowledgment pursuant to LSA-C.C. art. 203, this court should consider the totality of the evidence to determine whether that evidence is sufficient to establish that the father formally held himself out as the father of the illegitimate child at the baptismal ceremony. In making this determination, consideration should be given to the particular facts regarding the alleged father’s actions at the |sbaptismal ceremony and to the rules or practices, if any, of the particular church regarding a declaration of paternity during the baptismal ceremony by the father of an illegitimate child, as well as rules or practices regarding signatures required or allowed on the actual certificate. Otherwise, under the majority’s holding, an illegitimate child baptized in a church that does not offer the parents the opportunity to sign the certificate of baptism would be precluded from ever establishing acknowledgment of paternity through a certificate of baptism pursuant to LSA-C.C. art. 203.
In the instant case, Ms. Knight attached her baptismal certificate, listing Henry Cobb as her father, to her motion to reopen succession, and she avers that Cobb was present at the baptismal ceremony, held himself out as her father and had his name placed on the baptismal certificate as her father. At the hearing on the exceptions, Ms. Knight offered the testimony of a Roman Catholic priest to establish that in the Catholic Church, the faith into which she was baptized, the parents of the child baptized do not sign any document in connection with the baptism. The priest testified that the church officials place the parents’ names on the baptismal certificate, rather than the parents signing the certificate.[4] Thus, I believe that the trial court erred in finding that plaintiff was not within the class of persons to whom the law grants the remedy being sought and that she had not stated a cause of action.
Accordingly, I respectfully dissent.

. Additionally, I note that LSA-R.S. 9:422.14, prior to its repeal by Acts 1991, No. 235, which enacted the Louisiana Children’s Code, provided that the father of an illegitimate child, in order to object to the adoption of the child, could acknowledge the child either by signing the application for the child’s birth certifícate and by having inserted on the application his name in the space designated "name of child’s father” or by executing and recording an authentic act of acknowledgment. Prior to amendment in 1987, this provision required that the father sign the actual birth certificate.
Also, in 1995, the legislature added LSA-R.S. 40:46.1, which provides a specific method by which a father may make a voluntary acknowledgment of paternity immediately before or after the birth of the child. This voluntary acknowledgment requires the signature of both parents. LSA-R.S. 40:46.1(E).

. Prior to amendment by Acts 1979, No. 607, § 1, LSA-C.C. art. 203 read as follows:
The acknowledgment of an illegitimate child shall be made by a declaration executed before a notary public, in presence of two witnesses, by the father and mother or either of them, whenever it shall not have been made in the registering of the birth or baptism of such child. (Emphasis added).

. As amended by Acts 1979, No. 607, § 1, LSA-C.C. art. 203 provided as follows:
The acknowledgment of an illegitimate child shall be made by a declaration executed before a notary public, in the presence of two witnesses, by the father and mother or either of them, or it may be made in the registering of the birth or baptism of such child. (Emphasis added).
This language has been carried forward in the present version of LSA-C.C. art. 203.

. Although evidence may not be introduced to support or controvert the exception pleading the objection of no cause of action, evidence is admissible in considering the objection of no right of action. LSA-C.C.P. art. 931.